**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 10-2144**

———————————

OBID BOLGAYEV,

           Petitioner,

      v.

ERIC H. HOLDER, JR., Attorney General,

           Respondent.

———————————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————————

Submitted:  May 19, 2011          Decided:  May 27, 2011

———————————

Before GREGORY, DUNCAN, and WYNN, Circuit Judges.

———————————

Petition denied by unpublished per curiam opinion.

———————————

Elizaveta Krukova, Falls Church, Virginia, for Petitioner.  Tony West, Assistant Attorney General, Keith I. McManus, Senior Litigation Counsel, Brendan P. Hogan, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Obid Bolgayev, a native and citizen of Uzbekistan, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his applications for asylum, withholding from removal and withholding under the Convention Against Torture. We deny the petition for review.

The Immigration and Nationality Act (INA) authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2006). The INA defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006). "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds. . . ." Qiao Hua Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks and citations omitted).

An alien "bear[s] the burden of proving eligibility for asylum," Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir. 2006); see 8 C.F.R. § 1208.13(a) (2011), and can establish refugee status based on past persecution in his native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1)

2

(2011). "An applicant who demonstrates that he was the subject of past persecution is presumed to have a well-founded fear of persecution." Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004). Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground. Id. at 187. The well-founded fear standard contains both a subjective and an objective component. The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006). "The subjective component can be met through the presentation of candid, credible, and sincere testimony demonstrating a genuine fear of persecution . . . . [It] must have some basis in the reality of the circumstances and be validated with specific, concrete facts . . . and it cannot be mere irrational apprehension." Qiao Hua Li, 405 F.3d at 176 (internal quotation marks and citations omitted).

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact, including findings on credibility, are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). Legal issues are

3

reviewed de novo, "affording appropriate deference to the BIA's interpretation of the INA and any attendant regulations." Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002). Furthermore, "[t]he agency decision that an alien is not eligible for asylum is 'conclusive unless manifestly contrary to the law and an abuse of discretion.'" Marynenka v. Holder, 592 F.3d 594, 600 (4th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)(D) (2006)).

We conclude that substantial evidence supports the finding that Bolgayev failed to show he was detained on account of a protected ground. See Saldarriaga v. Gonzales, 402 F.3d 461, 466 (4th Cir. 2005). The record does not compel a finding that Bolgayev was detained and persecuted because he was attempting to expose corruption within the military or because of a political opinion. We further conclude substantial evidence supports the finding that Bolgayev did not have a well-founded fear of persecution on account of a protected ground. Bolgayev's political activities after his military discharge were minimal and there was no significant evidence that the government's security forces were interested in him. By his own

4

testimony, Bolgayev failed to show he left Uzbekistan out of some fear that he may be persecuted. We also conclude substantial evidence supports the denial of asylum on humanitarian grounds. It does not appear he was eligible for humanitarian asylum. See 8 C.F.R. § 208.13(b)(1)(iii) (2011). Furthermore, his past persecution was not so severe or frequent as to compel such relief. See Mambwe v. Holder, 572 F.3d 540, 549 (8th Cir. 2009).

Finally, we conclude substantial evidence supports the denial of relief under the CAT. Bolgayev failed to show that it is more likely than not that he will be tortured when he returns to Uzbekistan. See 8 C.F.R. § 1208.18(a)(1) (2011); see Saintha v. Mukasey, 516 F.3d 243, 246 & n.2 (4th Cir. 2008).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

5